IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GWENDOLYN WHITE, et al.,          )
                                  )
            Plaintiffs,           )
                                  )
    v.                            )    No.  09 C 374
                                  )
CITY OF CHICAGO, et al.,          )
                                  )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

Whether or not this phenomenon is attributable to the fact that most practitioners in this District Court are Illinois lawyers who are trained in and accustomed to Illinois state court practice, it is commonplace for plaintiffs' counsel in cases before this Court and its colleagues to set out separate so-called "counts" in a complaint--"counts" that mirror the Illinois state law practice of presenting the same set of facts as actionable under several different legal theories, even though that structure does not comply with either the literal language or the purpose of Fed. R. Civ. P. ("Rule") 10(b), the Rules' provision that speaks of counts:

> If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Thus plaintiffs' counsel frequently assert various theories of recovery--sometimes including mistaken theories--to carve up a single claim (the operative pleading concept in federal practice) into such separate counts.  In such situations, it often falls to

this Court's lot to draw the attention of counsel to NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992) and to its teaching that differentiates between the federal concept of a "claim" and the state concept of a "cause of action."

This case presents a major, and quite different, variation on that theme. Here defendants challenge plaintiffs' addition of a federal-question theory of recovery--advanced under 42 U.S.C. §1983 ("Section 1983")--to a complaint that replaces a previously-dismissed state law action. That second lawsuit, like the first one, was filed in the Circuit Court of Cook County--hence the new federally grounded theory, like each of the reasserted state law theories of recovery, was properly set out in a separate count (as a separate "cause of action"). Defendants removed the new action to this District Court and have now moved to dismiss the federally-based counts on the theory that the refiled lawsuit was limited to "an identical cause of action."

Thus the task at hand in addressing defendants' current Rule 12(b)(6) motion to dismiss calls for this Court to construe an Illinois statute, 735 ILCS 5/13-217,[1] which speaks of a plaintiff's right to "commence a new action" after an earlier action has been dismissed for any one of several reasons (the

---

[1] Further citations to the Illinois statutes at issue here will take the form "Section --," omitting the prefatory "735 ILCS 5/."

provision relevant to this case is one that speaks of an earlier dismissal "for want of prosecution"). If defendants' challenge is well-founded, plaintiffs' effort to call Section 1983 into play would fail, for the two-year statute of limitations would bar any attempted reassertion of that effort at this time.

In support of their motion, defendants argue that a new cause of action (the addition of a new theory of recovery in the counts asserting Section 1983 liability) is not encompassed within the "commence a new action" savings clause in Section 13-217, even though that new theory is clearly embraced within the same claim (the operative federal concept) that also forms the gravamen of the state law grounds that had been advanced in the original lawsuit (the one that was dismissed for want of prosecution) and that have been carried forward into plaintiffs' new action. For their part, plaintiffs counter that the operative concept is the same one that is embodied in Section 2-616(b), the relation-back provision that codifies essentially the same test as Rule 15(c) in the federal context. Here is Section 2-616(b)(emphasis added):

> The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence

3

> set up in the original pleading, even though the
> original pleading was defective in that it failed to
> allege the performance of some act or the existence of
> some fact or some other matter which is a necessary
> condition precedent to the right of recovery or defense
> asserted, if the condition precedent has in fact been
> performed, and for the purpose of preserving the cause
> of action, cross claim or defense set up in the amended
> pleading, and for that purpose only, an amendment to
> any pleading shall be held to relate back to the
> original pleading so amended.

To support their position, defendants primarily reach back to the 19th century decision by the Illinois Supreme Court in Gibbs v. Crane Elevator Co., 180 Ill. 191, 194 (1899) and to a 40-plus-year-old Court of Appeals decision that quoted the "same identical cause of action" language that had been employed in Gibbs (Butterman v. Steiner, 343 F.2d 519, 520 (7th Cir. 1965)).[2] But plaintiffs point instead to far more recent Illinois authority that plainly supports their position. First, although Bryson v. News Am. Publ'ns., Inc., 174 Ill.2d 77, 106-07, 672 N.E.2d 1207, 1223 (1996) addressed a different ground for the earlier dismissal that is also encompassed within the one-year savings clause provisions of Section 13-217, the principle is of course identical--and here is what Bryson said (citations

---

[2] Defendants also cite a number of other cases, but none of them comes even close to the situation now addressed by this Court. By sharp contrast, the cases discussed hereafter that call for rejection of defendants' motion are on all fours with the present case. One parenthetical source of bemusement: Defense counsel cite Butterman as 343 F.3d rather than 343 F.2d--but regrettably for defendants, that mistake cannot convert its outdated language into modern doctrine.

4

omitted):

> The defendants do not argue that section 2-616(b) does not apply simply because the original action was dismissed by the federal court and refiled in the circuit court pursuant to section 13-217. We would reject such an argument even if the defendants had raised it. Both section 13-217 and section 2-616(b) are remedial in nature and should be liberally construed in favor of hearing the plaintiff's claim. Both provisions were enacted to facilitate the disposition of litigation upon the merits and to protect plaintiffs from losing a cause of action because of a technical default unrelated to the merits. Where the original action was timely filed, the plaintiff should not be penalized simply for availing herself of the provisions of sections 13-217. We therefore conclude that the first requirement for invoking section 2-616(b) is met here.

And listen to the earlier opinion by the Illinois Appellate Court in Frankenthal v. Grand Trunk R.R., 120 Ill.App.3d 409, 417, 458 N.E.2d 530, 537 (1st Dist. 1983)(citations omitted)--a decision cited favorably by Bryson twice in the above-quoted excerpt:

> Section 2-616(b) allows a party to amend pleadings and include a cause of action which grew out of the same transaction or occurrence in the original pleadings. The cause of action to be added by amendment must have been timely when the original complaint was filed. Both section 24a[3] and section 2-616 are remedial in nature and should be construed liberally. The purpose of section 2-616 is to prevent a party from losing a cause of action due to technicalities.

As if those cases did not suffice to doom defendants' motion, just last year the Illinois Supreme Court spoke again in terms fatal to defendants' position. Porter v. Decatur Mem.

---

[3] [Footnote by this Court] "Section 24a" was then the numbering of what is now Section 13-217.

5

Hosp., 227 Ill.2d 343, 358, 882 N.E.2d 583, 592 (2008) began that court's extended analysis with this straightforward proposition, squarely applicable to this case (for plaintiffs' Section 1983 legal theory draws on the identical factual matrix that has always informed plaintiffs' state law theories):

> Under both Illinois and federal law, there is no question that relation back is appropriate where a party seeks to add a new legal theory to a set of previously alleged facts. In re Olympia Brewing Co. Securities Litigation, 612 F.Supp. 1370, 1371-72 (N.D. Ill. 1985); see also Bryson, 174 Ill.2d at 108, 220 Ill. Dec. 195, 672 N.E.2d 1207 (relation back is not prohibited merely based on the fact that the name of the cause of action or the legal theory used to support the claim for damages is changed in the amended pleading).[4]

Indeed, even if an effort were made somehow to distinguish the facts supporting potential Section 1983 liability from the facts that support state law liability (a more than dubious prospect), that would not alter the analysis. As Porter, id. at 359, 360, 882 N.E.2d at 592, 593 went on to say:

> But new factual additions will be considered to relate back where there is a "sufficiently close relationship" between the original and new claims, both in temporal

---

[4] [Footnote by this Court] Although our Court of Appeals regularly (and accurately) reminds us that we federal district judges do not make precedent, in this instance the Illinois Supreme Court chose to adopt expressly the federal relation-back doctrine, as embodied in Rule 15(c) and articulated in the Olympia Brewing opinion by this Court's former colleague, then District Judge Susan Getzendanner, as the model template for Section 2-616(b). As this quotation and the later quotations from Porter show, Olympia Brewing was cited by the Illinois Supreme Court again and again in its construction of the Illinois statute.

> proximity and in the general character of the sets of factual allegations and where the facts are all part of the events leading up to the originally alleged injury. <u>Olympia Brewing Co.</u>, 612 F.Supp. at 1372-73.
>
> \* \* \*
>
> We adopt the sufficiently-close-relationship test as set forth in <u>Olympia Brewing Co.</u> to determine whether the new allegations of count III of the second amended pleading grew out of the transaction or occurrence set up in the earlier pleadings, and to determine whether the Hospital can be considered to have had adequate notice. Under that test, a new claim will be considered to have arisen out of the same transaction or occurrence and will relate back if the new allegations as compared with the timely filed allegations show that the events alleged were close in time and subject matter and led to the same injury. <u>Olympia Brewing Co.</u>, 612 F.Supp. at 1373.

That close relationship--at a minimum--unquestionably exists here.

In summary, then, defendants' Rule 12(b)(6) defense on limitations grounds is rejected outright. Defendants' existing Answer will stand, except to the extent that this Court has earlier found some of defendants' affirmative defenses ("ADs") to be flawed. This ruling does not of course foreclose plaintiffs' right to challenge other ADs advanced by defendants. Finally, the previously scheduled July 10 status hearing date remains in effect for purposes of discussing the future course of this litigation.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: July 7, 2009